**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ANDRE SMITH-LOVEJOY, | ) | 3:13-cv-0265-RCJ-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| LEVY SANDERS, | ) | |
| Defendant. | ) | |

Before the court is Plaintiff's application to proceed in forma pauperis (Doc. # 1)[1] and pro se complaint (Doc. # 10).[2]

A person may be granted permission to proceed in forma pauperis if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that this provision applies to all actions filed in forma pauperis, not just prisoner actions); *see also* LSR 1-1 ("[a]ny person, who is unable to prepay the fees in a civil case, may apply to the Court for authority to proceed in *forma pauperis*. The application shall be made on the form provided by the Court and shall include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities"). "'[T]he supporting affidavits [must] state

---

[1] Refers to court's docket number.

[2] Plaintiff filed a complaint with his application for leave to proceed in forma pauperis (Doc. # 1-1) and subsequently filed another complaint (Doc. # 10). The newly filed complaint names a different defendant and contains substantially different allegations than the original complaint. The court will address the discrepancies between the two documents once Plaintiff's in forma pauperis application is either granted or he pays the full filing fee.

the facts as to affiant's poverty with some particularity, definiteness and certainty.'" *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). The litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

Plaintiff's application indicates that he receives $745 per month in social security benefits, and appears to receive other additional monthly income which he claims varies. (Doc. # 1 at 1.) When he is asked to list out his regular monthly expenses, he states: "pending $95,000." (*Id*. at 2.) He lists two persons for whom he contributes money to support but does not identify any amount paid to these individuals. (*Id*.) He further states that he pays $1,200 per year to Physicians Mutual Insurance Corporation, and that he has a "pending" water utility obligation to the State of California, but again he does not provide the amount. (*Id*.)

Plaintiff does not sufficiently describe his monthly expenses so that the court can determine whether he should be granted in forma pauperis status. As a result, the application to proceed in forma pauperis is **DENIED WITHOUT PREJUDICE**. Plaintiff has **THIRTY DAYS** to submit the filing fee or renew his application to proceed in forma pauperis, correcting any deficiencies noted above. Plaintiff is advised that failure to comply with this order will result in a recommendation that the district judge dismiss the action.

**IT IS SO ORDERED**.

DATED:  August 5, 2013.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE